IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01288-WYD-KLM

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiff,

v.

U.S. FISH AND WILDLIFE SERVICE; and
KEN SALAZAR, SECRETARY OF THE DEPARTMENT OF THE INTERIOR,

    Defendants.

---

**ORDER**

---

I.    INTRODUCTION

THIS MATTER is before the Court on the Plaintiff's Motion for Attorney Fees and Costs (docket #29), filed September 14, 2009. Plaintiff moves for its reasonable attorney fees and costs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E)(I). The case settled and the parties stipulated that Plaintiff is the prevailing party and is entitled to recover reasonable fees and costs. Plaintiff seeks $15,020 in attorney fees and $372.84 in costs for litigating all aspects of this case excluding this fee motion. For the fee motion and reply, Plaintiff seeks the recovery of an additional $21,920. I note that when it became clear that this case was going to settle, Plaintiff requested $12,242.84 in fees and costs on August 12, 2009. Defendant rejected this amount and offered approximately $7,500. Plaintiff rejected this amount and proposed that the parties "split the difference." Defendant declined the offer, and the instant

motion was filed.

On March 30, 2010, I held a hearing on the pending motion. After carefully considering the documents submitted by the parties along with the arguments presented at the March 30, 2010 hearing, I conclude that the motion should be granted.

II.     PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

Plaintiff succeeded in this litigation under FOIA against Defendants Fish and Wildlife Service and Ken Salazar ("Defendant or FWS"). This case concerned the withholding of 12 documents in a FOIA response about Defendant's decision to not list the Colorado River cutthroat trout as an endangered species under the Endangered Species Act (ESA). Defendant had the opportunity to avoid this litigation and comply with FOIA in response to two administrative appeals filed by the Plaintiff. However, FWS waited until after Plaintiff filed suit to release complete versions of the 12 withheld documents. As a result, Plaintiff achieved an "excellent result" and secured all the relief available, thus warranting an award of Plaintiff's reasonable attorney fees and costs. See 5 U.S.C. § 552(a)(4)(E)(I) (FOIA fee provision).

In the motion, Plaintiff first argues that the requested attorney fees are reasonable. Plaintiff requests $15,020 for 31.5 hours for attorney Neil Levine and 8.8 hours for attorney Justin Augustine. Plaintiff seeks $400/hour for Mr. Levine and $275/hour for Mr. Augustine. Mr. Augustine's rate is not contested. Plaintiff submitted declarations in support of Mr. Levine's requested rate, which detail Mr. Levine's relevant background and expertise in environmental litigation. Plaintiff also submitted declarations from Denver attorneys Lori Potter, James Jay Tutchton, Willie Shepherd,

and Michael Freeman in support of Mr. Levine's requested rate.

Second, Plaintiff argues that FOIA litigation can be complex, and the issue presented in the Second Claim -- whether the FOIA Exemption 5 attorney-client privilege could be applied to the 12 withheld documents -- is far from simple, requiring the application of various factors to determine if each document was properly withheld. Plaintiff claims that just because the present case was resolved quickly does not mean the issues presented were simple. Instead, the quick resolution resulted in minimal hours expended by Plaintiff's attorneys.

Prior to this fee motion, Plaintiff's counsel generated $15,020 in attorney fees for litigation tasks that included: preparing the case and drafting the complaint; pre-settlement litigation activities concerning deadlines, scheduling, and case management; settlement discussions and preparing a stipulated dismissal; and fee negotiations. Plaintiff's hours are supported by detailed time sheets kept in the regular course of business and by sworn attorney declarations that document and describe the specific tasks undertaken.

Third, Plaintiff requests costs in the amount of $372.94, which are not contested. Finally, Plaintiff requests $21,920 in connection with the pending fee motion.

In response, the Defendant states that it does not contest the amount of requested costs, Mr. Augustine's hourly rate, or the hours Mr. Augustine billed in the district court case. Instead, Defendant contests the reasonableness of Mr. Levine's hourly rate, some of Mr. Levine's hours, and the request for fees for work done at the administrative level.

III. ANALYSIS

FOIA provides for the award of attorney fees and costs in any case in which "the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). The award of attorney fees in a FOIA case is discretionary with this Court. *Anderson v. Sec'y of Health & Human Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996) (citation omitted). The fee applicant bears the burden of demonstrating that both the hourly rate requested and the amount of hours worked are appropriate. *Id.* Here, the parties have stipulated that both fees and costs are awardable to Plaintiff. Thus, I first turn to the issue of whether the requested fees are reasonable.

A. Reasonableness

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* In other words, to determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations omitted). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id.* (quotation omitted). "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'"

*Id.* (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)). "However, '[t]he record ought to assure [the appellate court] that the district court did not eyeball the fee request and cut it down by an arbitrary percentage.'" *Id.* (quotation and internal quotation marks omitted).

        1.        Reasonable Hours

Here, Plaintiff is seeking fees in the amount of $15,020 for 31.5 hours for Mr. Levine and 8.8 hours for Mr. Augustine. Defendant contends that Mr. Levine's hours should be reduced for inefficiency. Defendant further argues that Plaintiff should not receive fees for time spent on the administrative appeals that occurred prior to the filing of the instant case in this Court.

Turning to the issue of Mr. Levine's hours, I note that in determining the reasonableness of the hours expended, I must consider several factors, including: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to specific task. *See Ramos v. Lamm*, 713 F.2d 546, 553-54 (10th Cir. 1983), rev'd in part on other grounds, *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987).

The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The Tenth Circuit has noted that

"[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250. "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id.*; *see also Robinson*, 160 F.3d at 1281 ("a district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks'") (quotation omitted).

Once the court has adequate time records before it, "it must then ensure that the winning attorneys have exercised 'billing judgment.'" *Case*, 157 F.3d at 1250 (quoting *Ramos,* 713 F.2d at 553). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id.* "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable." *Id.* (citing *Ramos*, 713 F.2d at 553-54) (giving as an example time spent doing background research)); *Hensley*, 461 U.S. at 434, 437 (counsel are expected to exercise their "billing judgment", "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"). In other words, the district court should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quotation omitted).

"After examining the specific tasks and whether they are properly chargeable, the district court should look at the hours expended on each task to determine if they are reasonable." *Id*. "The *Ramos* court suggested that among the factors to be considered were (1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) 'potential duplication of services' by multiple lawyers. *Roberts*, 160 F.3d at 1281 (quoting *Ramos*, 761 F.2d at 554). "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id*.

In this case, I initially note that Defendant objects to various billing entries for Mr. Levine including: (1) his review of 2007 FOIA amendments; (2) his review of the second FOIA appeal; (3) his review of the IG report on MacDonald and Graf meddling; (4) his review of the FR Notice; and (5) his time spent drafting the complaint. Plaintiff, on the other hand, contends that the number of hours spent by Mr. Levine were reasonable and that he exercised considerable billing judgment. This contention is supported with declarations from Colorado attorneys familiar with federal environmental litigation and associated FOIA cases. Plaintiff also submitted detailed billing records that "reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233, Johnson County*, 157 F.3d 1243, 1250 (10th Cir. 1998). Plaintiff further submitted declarations detailing Mr. Levine's extensive environmental litigation experience, which

includes FOIA litigation.

Considering the *Ramos* factors, I find that a large majority of the tasks Plaintiff billed would normally be billed to a paying client. Further, I tend to agree with Plaintiff that while Defendant characterized this as a simple straightforward FOIA case, I find that the case was actually more complex. Although this case was resolved quickly, it appears that Defendant would not have complied with the FOIA request until it was filed in this Court. In fact, the Defendant never cooperated with Plaintiff until the case was filed. Then, the issue of attorney/client privilege arose, and I believe Mr. Levine was able to question to validity of the FWS withholding certain documents based on a claimed privilege due to his prior experience in dealing with the FWS. Thus, I agree with Plaintiff that a certain amount of time expended by Plaintiff was due to the maneuvering of the other side, or the lack of cooperation or response.

I am also unpersuaded by Defendant's argument that Mr. Levine's inexperience caused billing inefficiencies. The proffered declarations and exhibits show that Mr. Levine has years of experience dealing with environmental litigation, including FOIA cases, and has taught FOIA litigation as a professor. Moreover, Plaintiff's two attorneys worked only 40 hours on this case, and I do not find any excessive billing or duplicative tasks. Accordingly, I find Mr. Levine's billing statements reasonable and necessary.

        2.        <u>Fees Sought in Connection with FOIA Administrative Appeals</u>

Defendants next contend that Plaintiff should not receive fees for work performed at the administrative stage because FOIA grants awards of "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the

complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Defendant also argues that the Government is immune from this request for attorney fees based on the doctrine of sovereign immunity.

Under *Hensley v. Eckerhart*, a prevailing attorney is entitled to compensation for time "reasonably expended on the litigation." *Webb v. Board of Educ. of Dyer County*, 471 U.S. 234, 242, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985) (emphasis in original). Time is reasonably expended on the litigation when it is "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley I)*, 478 U.S. 546, 557, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (citation and internal quotations omitted).

Although there is no controlling authority on this issue, I am persuaded by courts in other circuits that have awarded fees for administrative appeals when they were performed "in connection with litigation." *See Native Village of Quinhagak v. United States*, 307 F.3d 1075, 1082-83 (9th Cir.2002) (holding that attorney fees could be awarded for efforts to exhaust administrative remedies under the Alaska National Interest Lands Conservation Act ("ANILCA"); *Oregon Natural Desert Ass'n v. Gutierrez*, 442 F. Supp. 2d 1096, 1100-01 (D. Or. 2006) (holding that exhaustion of remedies is required in FOIA and provides a sufficient record for the civil action, thus the fees are compensable); *Sierra Club v. EPA*, 625 F. Supp. 2d 863 (N.D. Cal. 2007) (holding that pre-litigation fees are warranted when the work is necessary to the filing of an action); *Delaware Valley I*, 478 U.S. at 557 (holding that the omission of an explicit reference to administrative activities did not necessarily mean that Congress intended to bar

recovery of administrative expenses); *Webb*, 471 U.S. at 243-44 (holding that "the [administrative] work must be 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation," and that costs associated with optional administrative proceedings are not necessarily compensable automatically, but may nonetheless be awarded at the court's discretion); *League for Coastal Protection v. Kempthorne*, 2006 WL 3797911 (N.D. Cal. 2006) (holding that if the administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded).

Turning to the case at hand, FOIA provides for a district court to respond to a complaint for withheld agency records. 5 U.S.C. § 552(a)(4)(B). Courts have consistently confirmed that FOIA requires exhaustion of the appeal process before an individual may seek relief in the courts. *See Dettmann v. U.S. Department of Justice*, 802 F.2d 1472, 1477 (D.C.Cir.1986); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir.1979). Here, without an administrative appeal, Plaintiff would have failed to exhaust its administrative remedies under FOIA and could not have brought this case in district court. Thus, I find that the two administrative appeals were intimately tied to the eventual settlement of this case and necessary to secure the final result obtained from the litigation. Accordingly, the request for attorney fees associated with the two FOIA administrative appeals, $2465, is granted.

### 3. Reasonable Hourly Rate

As to the hourly rate, the Tenth Circuit indicates that "the court must look to 'what

the evidence shows the market commands for civil rights or analogous litigation."" *Burch v. La Petite Academy, Inc.*, 2001 WL 589461 at *2 (quoting *Case v. Unified School Dist.*, 157 F.3d 1243 (10th Cir. 1998)). The "local market rate" is usually the state or city in which counsel practices. *Ellis v. Univ. of Kansas Medical Center*, 163 F.3d 1186, 1203 (10th Cir. 1998) (looking at "the prevailing market rates in the relevant community"- Kansas City, Kansas); *Case*, 157 F.3d at 1256 (looking at fees charged by lawyers in the area in which the litigation occurs). The court is also entitled to consider the quality of counsel's performance in setting the fee. *Ellis*, 163 F.3d at 1203.

Here, Defendant does not contest Mr. Augustine's hourly fee of $275. However, Defendant objects to Mr. Levine's requested hourly rate of $400. I reject Defendant's contentions. First, the declarations of the various Denver attorneys support Mr. Levine's fee rate. Mr. Levine is an experienced environmental litigator with over 17 years of legal experience. Second, this court has previously determined that Mr. Levine should receive a rate of $400/hour. *Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285 (D. Colo. Aug. 6, 2007), *Center for Native Ecosystems v. U.S. Fish and Wildlife Service*, 08-CV-2394-AP (D. Colo.), *CNE v. Kempthorne*, 08-CV-441-REB-BNB (D. Colo.), and *Pagosans for Public Land v. U.S. Forest Service*, 06-CV-556-JLK-DW. Third, Mr. Levine provided other cases across the country in which he has earned in excess of $400/hour. Thus, because Plaintiff provided ample evidence that $400 per hour is a reasonable rate in the Denver area for attorneys of Mr. Levine's background and experience, I find the hourly rate requested to be reasonable.

B.  Fees Associated with Fee Motion

Initially, Plaintiff requested $10,800 (27 hours) for the motion on fees and $11,120 (27.8 hours) for the reply brief.  However, at the March 30, 2010 hearing, Plaintiff stated that he would reduce that request to $11,000.

The Supreme Court has stated that "fees for fee litigation should be excluded to the extent that the applicant ultimately failed to prevail in such a litigation." *Commissioner, INS v. Jean*, 496 U.S. 154, 163 n. 10, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).  Thus, "[e]xorbitant, unfounded, or procedurally defective fee applications-like any other improper position that may unreasonably protract proceedings-are matters that the district court can recognize and discount."  *Id.* at 163, 110 S.Ct. 2316.

Here, Plaintiff has prevailed in the underlying litigation.  Plaintiff has also largely prevailed by establishing its entitlement to attorneys' fees.  However, for the reasons stated on the record at the March 30, 2010 hearing and the cited authority, I find that this request should be reduced to $10,000.

IV.  CONCLUSION

Based on the foregoing, Plaintiff's Motion for Attorney Fees and Costs (docket #29), filed September 14, 2009, is **GRANTED.**  Plaintiff is awarded both attorney fees in the amount of $15,020 and costs in the amount of $372.84 for the underlying litigation.  Plaintiff is awarded $10,000 for fees associated with the fee motion.

Dated: April 1, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge